NORMAN S. ARENWALD et al., Copartners Doing Business as HILNOR THEATRE COMPANY, Plaintiffs, *v.* AMERICAN EQUITABLE ASSURANCE COMPANY OF NEW YORK, Appellant-Respondent, and JOSLE HOLDING CORPORATION, Impleaded Defendant-Respondent-Appellant.

*Per Curiam.* This is an action by a lessee upon an insurance policy to recover a fire loss, based on cancellation of a lease of part of premises upon which a theater had been erected. The insurance company impleaded the owner-landlord alleging that the cancellation was in violation of the terms of the lease, asserting rights as subrogee of the tenant. The owner answered the cross complaint pleading certain affirmative defenses. Various paragraphs of these defenses were eliminated on motion. The motion to strike out other paragraphs was denied. Both sides appeal.

The matters stricken from paragraphs 6, 10, and 12 of the answer to the cross complaint seem material in support of the impleaded defendant's claim that it cancelled the lease in good faith. They should not have been stricken out.

The matters in paragraphs 14 to 17, inclusive, refer to the main defendant's payment of the owner's loss under another insurance policy covering fire damage to the entire theater which covered additional parcels of land. The fact that this payment was made and that the insurance company did not avail itself of its option to rebuild the theater might be relevant as admissions by said defendant of the extent of the fire damage in the portion of the premises covered by plaintiffs' lease. This would depend on the proof as to the relation of plaintiffs' premises and the damage therein to the whole premises and the total damage.

We deem that it was within the discretion of Special Term to exclude from the pleadings the allegation as to payment of the owner's loss as involving possible prejudice. The admissibility of such evidence of payment under the general issue can best be passed upon at the trial.

Upon the appeal of the impleaded defendant, the order should be modified by denying the motion to strike paragraphs 6, 10 and part of 12; otherwise the order should be affirmed, with $20 costs and disbusements to the impleaded defendant.

Martin, P. J., Townley, Glennon, Callahan and Peck, JJ., concur.

Order unanimously modified by denying the motion to strike paragraphs

6, 10 and part of 12 and otherwise affirmed, with $20 costs and disbursements to the impleaded defendant. Settle order on notice.